J-A15029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| US BANK NA AS TRUSTEE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN JAQUEZ | |
| Appellant | No. 2572 EDA 2014 |

Appeal from the Order July 24, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 120600614

BEFORE: BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED OCTOBER 08, 2015**

Appellant, John Jaquez, appeals from the July 24, 2014 order from the Court of Common Pleas of Philadelphia County, denying his "Petition to Strike Default Judgment and Set Aside Sheriff Sale" in a mortgage foreclosure case brought by Appellee, U.S. Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities, LLC, Asset Backed Certificates, Series 2007-AC1 (U.S. Bank). After careful consideration, we affirm.

The trial court summarized the procedural history of this case as follows.

> This matter was initiated by [U.S. Bank] on June 6, 2012, when it filed a foreclosure complaint

---

[*] Former Justice specially assigned to the Superior Court.

("Complaint") against Appellant for defaulting on his mortgage payments ("Subject Mortgage") securing the purchase of property located at 4326 Malta Street, Philadelphia, PA 19124 ("Subject Property"). Appellant failed to file an Answer to the Complaint, prompting [U.S. Bank] to enter a default judgment against him on December 19, 2012, in the amount of $122,520.20.

On June 30, 2014, more than two years after [U.S. Bank] filed its Complaint,[2] Appellant submitted his Petition to Strike. Appellant alleges in this Petition, *inter alia*, that [U.S. Bank's] Complaint did not accurately plead all valid mortgage assignments, as required by Pa. R.C.P. 1147(a)(1), and that purported fraud by Chase Bank, the alleged servicer of multiple mortgages on the Subject Property, including the Subject Mortgage, created fatal defects on the face of the record that should invalidate the Sheriff's Sale that took place on April 2, 2013. Specifically, regarding the fraud claim, Appellant states that Chase Bank told him that foreclosure proceedings would not be initiated pursuant to the Subject Mortgage, as long as he made payments on a separate mortgage that encumbered the Subject Property. In response to the aforementioned arguments, [the trial court] denied Appellant's Petition to Strike via an order docketed on July 24, 2014.

Appellant then appealed this decision to the Superior Court of Pennsylvania on August 25, 2014,[3] whereupon this Court ordered Appellant to file a detailed and itemized Statement of Errors (hereinafter "Statement"), pursuant to Pa. R.A.P. 1925(b)[, which he timely complied with on] September 15, 2014….

_____

[2] Separately, after the Sheriff's Sale, [U.S. Bank] commenced ejectment actions against Appellant by filing a complaint on October 10, 2013. Default Judgment was entered against Appellant in the ejectment proceeding on December 3, 2013. Appellant timely filed a Petition to Open Default

Judgment which was denied by the court on January 8, 2013, for failure to assert a meritorious defense under Pa. R.C.P. 237.3; however, [an] appeal [to the Superior Court from that order] was ultimately dismissed due to Appellant's failure to file his appellate brief in a timely fashion. **_US Bank v. Jaquez_**, 1247 EDA 2014.

[3] Appellant's notice of appeal from this Court's Order on July 24, 2014, was due by August 23, 2014, thirty (30) days after entry of the order. Pa. R.A.P. 311, 903(a). As a result of August 23, 2014, falling on a Saturday, the notice of appeal was not due until the following Monday, August 25, 2014, pursuant to Pa. R.C.P. 106(b).

Trial Court Opinion, 10/29/14, at 1-2 (footnotes in original).

On appeal, Appellant raises the following issues for our review.

[Whether,] [u]nder Pennsylvania law, Appellant is entitled to an appeal when:

    a.    Appellant filed Petition to Strike Default Judgment[?]

    b.    There are fatal errors and irregularities on the face of the record[?]

    c.    The Trial Court abused its discretion and made an error of law in denying Appellant's Petition to Strike Default Judgment[?]

    d.    Court was without jurisdiction to enter default judgment[?]

    e.    Prothonotary had no authority to enter default judgment[?]

    f.    The Trial Court failed to properly review Appellant's Petition to Strike and evaluate favorable evidence[?]

        g.    The Plaintiff in underlying action presented with unclean hands and is not entitled to equitable relief[?]

Appellant's Brief at 5.[1]

We first review the principles that inform our consideration of these issues.

> Default judgments generally are governed by the Pennsylvania Rules of Civil Procedure and are entered by prothonotaries and without judicial involvement. Such judgments are not judicial orders and are not subject to an immediate appeal after their entry; rather, to obtain relief, the party against whom the judgment was entered may either file a petition to strike the default judgment or file a petition to open the default judgment. Once a court of common pleas rules on one of these petitions, then the aggrieved party has a right to an appeal to a higher court pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(1).

***EMC Mortgage, LLC v. Biddle***, 114 A.3d 1057, 1061 (Pa. Super. 2015)

(citations omitted).[2]

---

[1] Appellant does not appeal the implicit denial of the portion of his motion seeking to set aside the sheriff's sale.

[2] This Court has summarized the Rules pertaining to the entry of default judgments as follows.

> Pennsylvania Rule of Civil Procedure 1037(b) provides, in pertinent part, that "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend[.]". Pa.R.C.P. 1037(b). Before a prothonotary may enter judgment in accordance with Pa.R.C.P. 1037(b), the plaintiff must

*(Footnote Continued Next Page)*

> With regard to a motion to strike a default judgment, [a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter [a] default judgment and the default judgment will be considered void.

*Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 920–921 (Pa. Super. 2010) (internal quotation marks and citations omitted). When considering a motion to strike, "[t]he facts averred in the complaint are to be taken as true; if the factual averments are disputed, the remedy is by a proceeding to open the judgment and not by a motion to strike." *Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.*, 645 A.2d 843, 846 (Pa. Super. 1994) (citations omitted). "[A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

> provide notice of the intent to seek a default judgment in accordance with Pa.R.C.P. 237.1[.]

*Keller v. Mey*, 67 A.3d 1, 4 (Pa. Super. 2013).

- 5 -

petitioner, as a matter of law, to relief." ***Oswald v. WB Pub. Square Assocs., LLC***, 80 A.3d 790, 793-94 (Pa. Super. 2013) (citation omitted).

Instantly, Appellant's sub-issues "a" through "e" hinge on his claim that "[f]atal errors and irregularities apparent on the face of the record existed at the time the Prothonotary entered judgment." Appellant's Brief at 16. Specifically, Appellant avers "[i]t is evident on the face of the record that U.S. Bank failed to plead all assignments of the promissory note and [Subject Mortgage], and failed to plead possession of the promissory note." ***Id.***

In pertinent part, U.S. Bank included the following averment in its mortgage foreclosure Complaint.

> 3. On October 20, 2006 mortgagor(s) made, executed and delivered a mortgage upon the Property hereinafter described to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, which mortgage is recorded in the Office of the Recorder of Deeds of Philadelphia County on October 26, 2006 as Document #51559448. The mortgage has been assigned to: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATEHOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2007-AC1 by assignment of Mortgage recorded on April 19, 2012 as Document # 52473302. **Plaintiff is the real party in interest pursuant to an Assignment of Mortgage to Plaintiff attached as Exhibit C.** The Mortgage is a matter of public record and is incorporated by this reference in accordance with Pennsylvania Rule of Civil Procedure 1019(g); which Rule relieves the Plaintiff from its obligation to attach

> documents to pleadings if those documents are matters of public record.

U.S. Bank's Complaint in Mortgage Foreclosure, 6/6/12, at 1 ¶3 (bold emphasis added). The record, however, reflects that no assignment to U.S. Bank was attached to the Complaint as "Exhibit C" or otherwise. Neither was the underlying note attached to the Complaint. Appellant alleges, "[i]t is clear the trial court relied upon this Paragraph #3 of the [C]omplaint but did not confirm that the alleged assignment of mortgage was not attached to the [C]omplaint as alleged." Appellant's Brief at 17. "Additionally, [U.S. Bank] has failed to accurately and adequately establish its actual possession of the promissory note. [U.S. Bank] failed to specify about the actual current holder of the note and the actual or implied powers of enforcement accorded to [U.S. Bank] as a principal, trustee, or agent for holder." *Id.* at 22.

The trial court determined "Appellant's argument is baseless, as [U.S. Bank] pled all of the necessary pieces of information to establish, at least on the face of the record, that it was entitled to foreclose on the Subject Mortgage due to default on the monthly payments." Trial Court Opinion, 10/29/14, at 3-4. The trial court concluded the Complaint conformed to the requirements of Pennsylvania Rule of Civil Procedure 1147 and, therefore, no defect on the face of the record justified granting Appellant's motion to strike. *Id.* at 4-5.

Rule 1147 provides as follows.

**Rule 1147. The Complaint**

(a) The plaintiff shall set forth in the complaint:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a).

Relative to Appellant's claim that U.S. Bank was required to plead possession of the note, we remark that such is not required by Rule 1147. This Court recently held that "a complaint in mortgage foreclosure does not need to include the original promissory note." *Bank of N.Y. Mellon v. Johnson*, --- A.3d ---, 2015 WL 4931662 (Pa. Super. 2015). Instantly, [U.S. Bank] included specific averments in the Complaint of Appellant's interest in the premises, and that the Subject Mortgage was in default with

an itemization of the sums due. U.S. Bank's Complaint in Mortgage Foreclosure, 6/6/12, at 1 ¶¶ 2, 5-6; **see Johnson**, **supra**.[3]

Relative to Appellant's claim that U.S. Bank was required to identify and attach all assignments, we note that such is required by Rules 1147(a)(1) and 1019(i). Additionally, the rules pertaining to mortgage foreclosure actions direct that, where not "otherwise provided in this chapter, the procedure in the action shall be in accordance with the rules relating to a civil action." Pa.R.C.P. 1141(b). This includes compliance with

_____

[3] In this regard, our Court has opined on the distinction between an *in rem* mortgage foreclosure action and an *in personam* action on the note, as follows.

> [A]n action on a promissory note and an action in foreclosure are two different actions…. In a promissory note action, an *in personam* judgment is sought. In a mortgage foreclosure action, however, the action is strictly an *in rem* proceeding. Pa.R.C.P. 1141 provides:
>
>> (a) As used in this chapter [regarding mortgage foreclosure,] 'action' means an action at law to foreclose a mortgage upon an estate, leasehold or interest in land but shall not include an action to enforce a personal liability.
>
> []**See also** [**N.Y. Guardian Mortgage Corp. v. Dietzel**, 524 A.2d 951, 953 (Pa. Super. 1987)] (holding that "[a]n action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property").

**First Wis. Trust Co. v. Strausser**, 653 A.2d 688, 693 (Pa. Super. 1995).

Rule 1019(i), which directs that "[w]hen any claim … is based upon a writing, the pleader shall attach a copy of the writing… but if the writing … is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." *Id.* 1019(i).

As recounted above, U.S. Bank's complaint referenced an assignment of the Subject Mortgage to itself, to be attached as Exhibit C, but no attachment was filed with the Complaint. The trial court determined "[U.S. Bank's] Complaint clearly established a facially-sufficient claim to ownership, by assignment, of the loan as trustee for Bear Stearns [and] that the Complaint adequately identified the chain of assignments and the ownership of the Subject Property's mortgage." Trial Court Opinion, 10/29/14, at 5.

In support of his argument that the trial court erred in concluding no fatal defect appeared in the record, Appellant relies on this Court's decision in *Lupori*. Appellant's Brief at 16. Therein, we held that, because the mortgage foreclosure complaint in that case "contain[ed] **no** mention of [an] assignment from [the prior assignee] to Wells Fargo or any allegation that Wells Fargo was the owner of the Luporis' mortgage, the complaint d[id] not comply with Rule 1147(a)." *Lupori*, *supra* at 922 (emphasis added). By contrast, this Court has held that Rule 1147(a) "does not require that a party have a recorded assignment as a prerequisite to filing a complaint in mortgage foreclosure." *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 991 (Pa. Super. 2009). Unlike Wells Fargo in *Lupori*, in *Mallory*, U.S. Bank

alleged it was the mortgage holder. Additionally U.S. Bank alleged it was "in the process of formalizing an assignment" of the mortgage. *Id.* at 992. In light of this averment, we held the complaint also complied with Rule 1019 as a sufficient explanation why the writing was not attached. *Id.* at 993.[4]

Instantly, we conclude that Appellant's reliance on *Lupori* is inapt. U.S. Bank alleged in its Complaint that it was "the real party in interest" by virtue of an assignment. U.S. Bank's Complaint in Mortgage Foreclosure, 6/6/12, at 1 ¶3. The pleadings were sufficient to place Appellant on notice that U.S. Bank was a real party in interest and any dispute of the same could have been challenged by Appellant and sufficient proof thereof required. *See Mallory*, *supra*.[5]

---

[4] We note our discussion is limited to the facial adequacy of the pleadings in the context of a motion to strike a default judgment. As this Court has noted, *Mallory* does not excuse a plaintiff from the requirement to prove such allegations in order to prevail in a **contested** mortgage foreclosure case. *JP Morgan Chase, N.A. v. Murray*, 63 A.3d 1258, 1263 (Pa. Super. 2013). In his argument however, Appellant conflates requirements of pleading with requirements of proof. Appellant's Brief at 17. "[U.S. Bank] in its Complaint also misrepresented its status as assignee of the original lender, and [the t]rial [c]ourt abused its discretion in admitting this misrepresentation as true fact." *Id.* As noted by the trial court, such argument ignores the fact that in considering a motion to strike, it is "limited to review of the record at time of judgment." Trial Court Opinion, 10/29/14 at 5; *see Lupori*, *supra* at 920-921.

[5] Appellant also conflates remedies potentially available through a petition to open a default judgment, which he did not file in this case. Appellant's Brief at 22. For example, in *Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1236 (Pa. 2004), the plaintiff filed a complaint in debt collection, alleging it was "the purchaser of the account" from the original creditor, but did not attach, *inter alia*,
*(Footnote Continued Next Page)*

Further, Appellant's insistence that U.S. Bank's failure to attach the latest assignment renders the default judgment void is erroneous. ***See*** Appellant's Brief at 25.

> [U.S. Bank] has not plead [sic] all assignments as required by 42 Pa. R.C.P. 1147 and has not provided any proof of valid assignment. [U.S. Bank] is not a "holder" of the promissory note with power to bring action and failed to plead holder status. It is apparent from the record that [U.S. Bank] could not bring [a] foreclosure action against Appellant and could not be awarded default judgment because [U.S. Bank] is not a real party in interest and had no legal standing to initiate action in the first place. Therefore, [the t]rial [c]ourt did not have jurisdiction to enter judgment in this case and Prothonotary did not have authority to enter default judgment on the docket.

***Id.***

_____
*(Footnote Continued)*

evidence of an assignment pursuant to Rule 1019(i). ***Giuliana***, ***supra*** at 341. After Atlantic Credit and Finance obtained a default judgment, Giuliana filed a petition to **open** judgment, together with a contemporaneous set of preliminary objections to the deficiencies in the complaint. ***Id.*** On appeal from the trial court's denial of a petition to open judgment, we noted the elements a petitioner is required to establish to open a judgment are "(1) promptly file a petition to open the default judgment, (2) show a meritorious defense, (3) provide a reasonable excuse or explanation for its failure to file a responsive pleading." ***Id.*** at 342, *quoting* ***Penn-Delco Sch. Dist. v. Bell Atl.-Pa., Inc.***, 745 A.2d 14, 17 (Pa. Super. 2000), *appeal denied*, 795 A.2d 978 (Pa. 2000). We then held Giuliana had established those elements and Atlantic Credit and Finance's failure to attach the document was fatal to the claims raised in its complaint. ***Id. at*** 344-345.

Instantly, by arguing that the failure to attach the averred assignment in this case is a fatal defect rendering the judgment void *ab initio*, Appellant presumably seeks to avoid establishing the timeliness of his challenge to the default judgment, the establishment of a meritorious defense, and an excuse for failing to file a responsive pleading. ***See Oswald***, ***supra.***

- 12 -

Any failure to allege a proper assignment of the Subject Mortgage implicates U.S. Bank's standing to maintain the foreclosure action. **See Murray**, **supra** at 1262. Standing is a non-jurisdictional and waivable issue. **In re Condemnation by Urban Redev. Auth. of Pittsburgh**, 913 A.2d 178, 181 n.6 (Pa. 2006). Accordingly, the default judgment in this case would at most be voidable, and Appellant's unexplained 30-month delay in presenting his motion to strike would defeat his claim.

> The effect of timeliness on petitions to strike default judgment depends entirely upon the validity of the underlying judgment: If the judgment was found to be void … timeliness would not be a factor and the petition to strike would be granted. If the judgment was found to be voidable, timeliness would be a factor and the petition would be granted only if it was filed within a reasonable time. Finally, if the judgment was found to be valid and fully effective, the petition to strike would be denied and timeliness would not be a factor. There is a clear distinction between judgments which are simply voidable based upon mere irregularities and those which are void *ab initio.* The general rule is that if a judgment is sought to be stricken for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time. Conversely, judgments which are void *ab initio* are those which the prothonotary was without authority to enter in the first place. Such judgments are not voidable, but are legal nullities.

**Oswald**, **supra** at 797 (internal quotation marks and citations omitted, emphasis omitted).

In his issue "f" Appellant claims the trial court violated his due process rights under the State and Federal Constitutions by "failing to evaluate

Appellant's claims and review evidence favorable to Appellant and unopposed by [U.S. Bank]." Appellant's Brief at 26.

> "Appellant has favorable evidence, which Appellant attempted to offer for [the t]rial [c]ourt's review. [U.S. Bank] did not oppose to introduction of such evidence. By denying Appellant's Petition to Strike and refusing to evaluate claims and review favorable evidence [the t]rial [c]ourt deprived Appellant [of his] property right to residential home without due process and failed to provide fair trial."

*Id.*

Appellant again misconstrues the limitations of a motion to strike. As cited above, a motion to strike "operates as a demurrer to the record" and does not involve the discretion of the trial court. *Lupori*, *supra* at 920–921. The presentation of evidence in the context of a petition to strike a default judgment would be improper, even if unopposed by the other party. *Id.*

Further, as explained above, Appellant has not identified any defects on the face of the record that implicate his due process rights. He has not identified any irregularity of notices in this matter. "Due process, reduced to its most elemental component, requires notice." *PNC Bank, N.A. v. Unknown Heirs*, 929 A.2d 219, 230 (Pa. Super. 2007) (citation omitted). Rather, the face of the record reflects Appellant had notice of the mortgage foreclosure action and the entry of the default judgment, and had full opportunity to respond but failed to do so in a timely fashion. Accordingly, we conclude Appellant's due process claim is meritless.

- 14 -

In his final issue, Appellant asserts the trial court erred in refusing to grant his motion to strike the default judgment because Chase Bank, acting on behalf of U.S. Bank, had "unclean hands" in connection with its dealings with Appellant. Appellant's Brief at 31-34. We conclude this issue is waived, as Appellant did not include this issue in his Rule 1925(b) statement. *See* Appellant's Concise Statement of Errors Complained of on Appeal, 9/15/14.

> [F]ailure[] to preserve … assertions of error by raising them first in the trial court, and later in a Rule 1925(b) statement if one is so ordered by the trial court, usually compel a finding of waiver. *See, e.g.*, *In re F.C. III*, 607 Pa. 45, 2 A.3d 1201, 1211–12 (2010) ("Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that '[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.' Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue."); *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998) ("[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.")

*Majorsky v. Douglas*, 58 A.3d 1250, 1258 (Pa. Super. 2012), *appeal denied*, 70 A.3d 811 (Pa. 2013), *cert. denied*, 134 S. Ct. 910 (2014).[6]

---

[6] Even if not waived, Appellant's argument would fail for the same reasons his due process argument fails, *i.e.*, any inquiry into the facts alleging unclean hands was "beyond the scope of review, unsupported in the record,
*(Footnote Continued Next Page)*

Based on the foregoing, we conclude Appellant's various arguments asserting the trial court erred in denying his motion to strike the default judgment are waived or meritless. We conclude the record contains no fatal defect, which would require striking the judgment entered in this case. We discern no error by the trial court in denying Appellant's motion to strike or in declining to address facts or allegations not present on the face of the record at the time of the entry of the default judgment. Consequently, we affirm the trial court's July 24, 2014 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2015

---

*(Footnote Continued)*
and provided no basis for this Court to grant Appellant's Petition to Strike." Trial Court Opinion, 10/29/14, at 5.