**Erika OSWALD, Appellee**

v.

**WB PUBLIC SQUARE ASSOCIATES, LLC, Individually and t/d/b/a Hardware Bar, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 2012.

Filed Nov. 7, 2013.

Erin M. Siciliano, Philadelphia, for appellant.

Bruce J. Phillips, Wilkes Barre, for appellee.

BEFORE: FORD ELLIOTT, P.J.E., WECHT, J., and COLVILLE, J.*

OPINION BY WECHT, J.:

WB Public Square Associates, LLC ("Appellant"), appeals from the September 12, 2012 order in the Luzerne County Court of Common Pleas denying Appellant's petition to open and strike judgment. For the reasons set forth in this opinion, we reverse.

This case was commenced when Erika Oswald ("Appellee") filed a complaint alleging that Appellant was liable for the injuries that she sustained while "acting in her official capacity as a Wilkes–Barre City Police Officer." Appellee's Complaint, 9/15/2010, at 2. Specifically, Appellee alleged that Appellant is liable under theories of negligence and dram shop law for serving a "visibly and obviously intoxicated [person] at the time that he assaulted [Appellee]." *Id.* The trial court has summarized the remaining facts and procedural history of this case as follows:

> This matter was initiated by a Complaint filed by [Appellee], on September 1[5], 2010[,] against [Appellant], individually and t/d/b/a Hardware Bar. Service of the Complaint was made on September 20, 2010[,] by the Luzerne County Sheriff.

> No response to the Complaint was filed so Plaintiff served an Important Notice on [Appellant] on November 10, 2010 by United States First Class Mail. This Notice provided [Appellant] with an additional ten days to act before a judgment was entered. Because [Appellant] again failed to file a response, [Appellee] filed a Praecipe for Entry of Judgment by Default and a Default Judgment was entered in favor of [Appellee] and against [Appellant] on December 17, 2010.

> On June 16, 2011, original counsel filed an Entry of Appearance on behalf of [Appellant]. Original counsel for [Appellant] then filed a Written Demand for Jury Trial. Approximately one year later, original counsel withdrew his appearance and current counsel entered hers for [Appellant]. On August 9, 2012, more than twenty-two months after the Complaint was served on [Appel-

* Retired Senior Judge assigned to the Superior Court.

lant] and more than nineteen months after the Default Judgment was entered, current counsel filed a Petition to Open/Petition to Strike Judgment. [Appellee] responded to the Petition by filing an Answer and Brief on August 22, 2012. Oral Argument was held on September 10, 2012.

Trial Court Opinion ("T.C.O."), 9/12/2012, at 1–2.

On September 12, 2012, the trial court denied Appellant's petition as untimely. This timely appeal followed.[1]

Appellant raises the following issues for our consideration:

1. Should the Default Judgment be stricken where the record reflects a fatal defect in the Important Notice because it does not conform to Pa.R.C.P. 237.5, making the entry of judgment void ab initio?

2. Did the trial court err in denying the Petition to Strike Default where the record reflects improper service of the Complaint on the defendant corporation by providing same to a security person, not an officer of the corporation, at a location other than the premises where the Hardware Bar was located?

3. Did the trial court err in denying a Petition to Open Default and failing to consider all three criteria for opening a default where defendant pleaded numer-

ous meritorious defenses to the allegations contained in the Complaint, where defendant provided a reasonable explanation and excuse for failing to file a response pleading, and defendant, through present counsel, promptly filed a petition to open default?

4. Did the trial court err in denying Appellant['s] petition to open default judgment by failing to consider the equities of the matter, the prejudice to the [Appellant] if the petition to open was denied, and the lack of prejudice to [Appellee] if the petition to open default was granted?

Brief for Appellant at 5.

■ Our standard of review regarding Appellant's petition to strike default judgment is well settled.[2] Appellant's first issue questions the applicability of a Pennsylvania Rule of Civil Procedure to the instant case. As this presents us with a question of law, our standard of review is *de novo* and our scope of review is plenary. *Skonieczny v. Cooper*, 37 A.3d 1211, 1213 (Pa.Super.2012) (citing *Boatin v. Miller*, 955 A.2d 424, 427 (Pa.Super.2008)).

■ "A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record." *First Union Nat. Bank v. Portside Refrig-*

---

1. The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and Appellant did not file one.

2. Appellant's original petition challenging Appellee's default judgment exclusively discussed the issue of opening the default judgment. Appellant's Petition to Open / Petition to Strike, 8/9/2012, at 1–5. Generally, this Court will decline to address issues not first raised before the trial court. Pa.R.A.P. 302(a). However, we have long held that a litigant may seek to strike a void judgment at any time. *See Erie Insurance Co. v. Bullard,*

839 A.2d 383, 388 (Pa.Super.2003); *Helms v. Boyle*, 431 Pa.Super. 606, 637 A.2d 630, 632 n. 2 (1994); *Graham v. Kutler*, 275 Pa.Super. 188, 418 A.2d 676, 677 (1980); *Polis v. Russell*, 161 Pa.Super. 456, 55 A.2d 558, 561 (1947). This Court also permits litigants to attack allegedly void decrees for the first time on appeal. *Mother's Restaurant v. Krystkiewicz*, 861 A.2d 327, 337 (Pa.Super.2004) (citing *Barnes v. McKellar*, 434 Pa.Super. 597, 644 A.2d 770, 773 (1994)). Consequently, we will address the merits of Appellant's first issue regarding a petition to strike default judgment.

*erated Servs., Inc.,* 827 A.2d 1224, 1227 (Pa.Super.2003) (quoting *PNC Bank v. Bolus,* 440 Pa.Super. 372, 655 A.2d 997, 999 (1995)). "When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a judgment, a court may only look at what was in the record when the judgment was entered." *Cintas Corp. v. Lee's Cleaning Servs., Inc.,* 549 Pa. 84, 700 A.2d 915, 917 (1997) (citing *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7, 10 (1969)). "Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *City of Philadelphia v. David J. Lane Advertising,* 33 A.3d 674, 677 (Pa.Cmwlth.2011) (citing *First Union Nat'l Bank,* 827 A.2d at 1227). Importantly, "[a] petition to strike does not involve the discretion of the [trial] court." *Cintas Corp.,* 700 A.2d at 919 (citing *Dubrey v. Izaguirre,* 454 Pa.Super. 504, 685 A.2d 1391, 1393 (1996)).

▉ Instantly, Appellant contends that Appellee's November 10, 2010 notice of praecipe to enter judgment by default failed substantially to comply with the format required by Pa.R.C.P. 237.5 and, therefore, violated Pa.R.C.P. 237.1(a)(2). Appellee does not directly respond to Appellant's arguments, except to claim that "because the issue was not raised before the Lower Court [it] is therefore

waived[.]"[3] Brief for Appellee at 15. After careful review, we conclude that Appellee's notice pursuant to Pa.R.C.P. 237.1(a)(2) was fatally defective.

Pa.R.C.P. 237.1(a)(2) states: "No judgment of ... default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered." This written notification of intention to file a praecipe for default judgment ("Ten–Day Notice") must be delivered to the opposing party at least ten days prior to the entry of default judgment. Pa.R.C.P. 237.1(a)(2)(ii). In satisfying Rule 237.1, the notice also must comply with the requirements set forth at Pa.R.C.P. 237.5:

> The notice required by Rule 237.1(a)(2) shall be substantially in the following form:

> \*    \*    \*

> **IMPORTANT NOTICE**

> **YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE EN-**

---

**3.** Appellee conflates Appellant's separate issues of opening the default judgment and striking the default judgment. Brief for Appellee at 9. It is well-settled that "[a] petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable." *Williams v. Wade,* 704 A.2d 132, 134 (Pa.Super.1997) (quoting *U.K. LaSalle, Inc. v. Lawless,* 421 Pa.Super. 496, 618 A.2d 447, 449 (1992)). A petition to open default judgment is discretionary; to reverse, we must

find either a manifest abuse of discretion or an error of law by the trial court. *Bullard,* 839 A.2d at 386 (citing *Penn–Delco School Dist. v. Bell Atlantic–Pa, Inc.,* 745 A.2d 14, 17 (Pa.Super.1999)). Conversely, "[a] petition to strike a judgment raises a question of law and relief thereon will only be granted if a fatal defect appears on the face of the record." *RAIT Partnership, LP v. E Pointe Properties I, Ltd.,* 957 A.2d 1275, 1277 (Pa.Super.2008) (citing *Knickerbocker Russell Co., Inc. v. Crawford,* 936 A.2d 1145, 1146 (Pa.Super.2007)).

TERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY AND OTHER IMPORTANT RIGHTS.

Pa.R.C.P. 237.5 (emphasis added).

■ Our review of applicable precedent has revealed no jurisprudence from this Court directly discussing the relationship between Pa.R.C.P. 237.1 and Pa.R.C.P. 237.5 for the purposes of evaluating a petition to strike a default judgment. However, the Commonwealth Court has had occasion to address this very issue recently in *David J. Lane Advertising*, 33 A.3d 674. Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority. *Commonwealth v. Ortega*, 995 A.2d 879, 885 (Pa.Super.2010); *see also Petow v. Warehime*, 996 A.2d 1083, 1088 n. 1 (Pa.Super.2010) ("[W]e may turn to our colleagues on the Commonwealth Court for guidance when appropriate."). In the absence of direct appellate precedent—and with no contrary legal authority provided by either party—we find the Commonwealth Court's holding in *David J. Lane Advertising* to be highly instructive.

In *David J. Lane Advertising*, the Commonwealth Court ordered a default judgment stricken due to the respondent's failure substantially to comply with the strictures of Rule 237.5, which the Commonwealth Court found to exist hand-in-hand with the requirements located at Rule 237.1(a)(2). *David J. Lane Advertising*, 33 A.3d at 677. Specifically, the deficient Ten–Day Notice in *David J. Lane Advertising* opened with the following language: "You are in default because you have failed to take action required of you in this case." *Id.* at 678. This language was not identical to what Rule 237.5 requires. Pa.R.A.P. 237.5. Ultimately, the Commonwealth Court concluded that (1) the opening language was not "substan-

tially" in the form required by Rule 237.5, *David J. Lane Advertising*, 33 A.3d at 679, and (2) that the failure to comply with Rule 237.5 rendered the Ten–Day Notice "defective on its face" for the purposes of Rule 237.1. *Id.* at 680. In reaching these conclusions, the Commonwealth Court provided a thorough and illuminating review of the evolution of the requirements of Rule 237.5 and that rule's underlying rationale:

> [T]he general "failed to take action required of you in this case" language is consistent with the version of the form in Rule 237.5 predating a 1994 amendment (Old Form Notice). In the 1994 amendment, which became effective on July 1, 1995, the Supreme Court chose to remove this general language in the Old Form Notice and to substitute the more specific language in the current form—"failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." Indeed, it appears from the explanatory comment to the rule that the specific purpose of the 1994 amendment was to add this more specific language to the form. The explanatory comment notes that the purpose of the modification is to track the language set forth in Pa.R.C.P. No. 1018.1 for a notice to plead, which language expressly directs the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing defenses or objections to the claims in the complaint. The comment to Rule 237.5 further provides: "Since the notice will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form helps to stimulate action and stem the tide of petitions to open default judgments."

In adopting the revision to the form, then, the Pennsylvania Supreme Court determined that before entering judgment by default (which is no insignificant matter), it was important to notify a defendant *specifically* what it failed to do (*i.e.*, why it was in default) by tracking the language in the earlier-issued notice to defend. Rather than informing a defendant that he merely "failed to take action required by you in this case," a more specific notice of *why* the defendant was in default that tracks the earlier notice to defend serves as a reminder to the defendant in many cases unrepresented at that point, of the defendant's specific pleading obligations.

*Id.* at 678–79 (internal citations omitted; emphasis in original). The Commonwealth Court examined the above legislative and judicial history in the context of its holding in *Township of Chester v. Steuber*, 72 Pa. Cmwlth. 134, 456 A.2d 669 (1983) and subsequent amendments to Rule 237.5. *Id.* at 678–80. Ultimately, the Commonwealth Court concluded that the amendments to Rule 237.5 "impose an *additional* notice requirement on a plaintiff who wishes to obtain a judgment by default . . . the plaintiff must now include in the [Ten]–Day Notice *specific* reasons *why* the defendant is in default." *David J. Lane Advertising*, 33 A.3d at 679 (emphasis in original).[4] Consequently, the Commonwealth Court struck the default judgment:

> The [Ten]-Day Notice required by Rule 237.1 in this case was defective on its face, as it was not "substantially" in the form required by Rule 237.5. Rather, the notice was based on the Old Form Notice, which the Pennsylvania Supreme Court amended to include the very language that the [respondent] omitted from its notice in this case—language that the Supreme Court added for a specific reason. *See Erie Ins. Co.* [839 A.2d at 387]. Failure to include this key language was, therefore, a fatal defect.

*Id.* at 680.

■ Turning to the instant case, the opening language in Appellee's Ten–Day Notice is identical to the deficient language in *David J. Lane Advertising*. *See* Appellee's Ten–Day Notice, 12/17/2010, at 1 ("YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE."); *cf. David J. Lane Advertising*, 33 A.3d at 678 ("You are in default because you have failed to take action required of you in this case.") (emphasis omitted). Based upon the persuasive reasoning of the Commonwealth Court in *David J. Lane Advertising* and the clear precepts of Rule 237.5 and Rule 237.1, we conclude that Appellee's failure to utilize the proper language in her Ten–Day Notice constitutes a "fatal defect on the face of the record" pursuant to Rule 237.1. *Id.* at 677. It is well-established that "[a] record which reflects a failure to comply with Pa.R.C.P. 237.1 is facially defective and cannot support a default judgment." *Bullard*, 839 A.2d at 387; *see also PennWest Farm Credit, ACA v. Hare*, 410 Pa.Super. 422, 600 A.2d 213, 215–16 (1991) ("Generally, if the record affirmatively shows a failure to comply with Pa.R.C.P. 237.1, the record is defective and will not support the entry of a default judgment.") (citing *Fierst v. Com. Land Title Ins. Co.*, 369 Pa.Super. 355, 535

---

4. The explanatory comments accompanying the rules of civil procedure do not constitute a part of the rule itself, but "they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted." *David J. Lane Advertising*, 33 A.3d at 678 n. 7 (quoting *Laudenberger v. Port Auth. of Allegheny County*, 496 Pa. 52, 436 A.2d 147, 151 (1981)).

A.2d 196, 198–99 (1987)).[5] "Furthermore, since the prothonotary lacks authority to enter judgment under these circumstances, the default judgment would be void *ab initio.*" *Bullard,* 839 A.2d at 387 (citing *Fountainville Historical Farm Ass'n of Bucks County, Inc. v. Bucks County,* 340 Pa.Super. 412, 490 A.2d 845, 848 (1985)).

 Due to the significant delay in Appellant's response to the instant lawsuit, we will briefly address the issue of timeliness. The effect of timeliness on petitions to strike default judgment depends entirely upon the validity of the underlying judgment: "If the judgment was found to be void ... timeliness would not be a factor and the petition to strike would be granted. If the judgment was found to be voidable, timeliness would be a factor and the petition would be granted only if it was filed within a reasonable time. Finally, if the judgment was found to be valid and fully effective, the petition to strike would be denied and timeliness would not be a factor...." *Wade,* 704 A.2d at 134–35. There is a clear distinction between judgments which are simply "voidable" based upon mere irregularities and those which are "void *ab initio.*" "The general rule is that if a judgment is sought to be stricken for an irregularity, **not jurisdictional in nature,** which merely renders the judgment voidable, the application to strike off must be made within a reasonable time." *Wade,* 704 A.2d at 134 n. 2 (emphasis added) (citing *Samango v. Hobbs,* 167 Pa.Super. 399, 75 A.2d 17, 19 (1950); *Eastman Kodak Co. v. Osenider,* 127 Pa.Super. 332, 193 A. 284, 286 (1937)). Conversely, judgments which are void *ab initio* are those which the prothonotary "was without authority to enter" in the first place. *Bul-*

*lard,* 839 A.2d at 388. Such judgments are not voidable, but are legal nullities. *Id.* (citing *Mullen v. Slupe,* 360 Pa. 485, 62 A.2d 14, 16 (1948) (quoting *Long v. Lemoyne Borough,* 222 Pa. 311, 71 A. 211, 212 (1908))).

 Instantly, we have concluded that the default judgment is void *ab initio;* "such a judgment must be stricken without regard to the passage of time." *See Jones v. Seymour,* 321 Pa.Super. 32, 467 A.2d 878, 880 (1983); *see also Helms v. Boyle,* 431 Pa.Super. 606, 637 A.2d 630, 632 n. 2 (1994).

Consequently, we reverse the trial court's order denying Appellant's petition to strike, and we strike the default judgment entered in this matter as void *ab initio.* In light of our conclusion with regard to Appellant's first issue, we need not address Appellant's remaining claims.

Order reversed. Judgment stricken. Jurisdiction relinquished.

---

5. We reaffirm as well our fidelity to the general principle that "a default judgment entered where there has not been strict compliance with the rules of civil procedure is void." *See Franklin Interiors, Inc. v. Browns Lane, Inc.,* 227 Pa.Super. 252, 323 A.2d 226, 228 (1974).