J-S63017-15

2015 PA Super 254

| | |
|---|---|
| AMERICHOICE FEDERAL CREDIT UNION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND ROSS AND SANDRA D. DIXON-ROSS | |
| Appellants | No. 1224 EDA 2015 |

Appeal from the Order Entered April 16, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2012-CV-12383

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

CONCURRING AND DISSENTING STATEMENT BY MUNDY, J.:

**FILED DECEMBER 07, 2015**

Although I agree with the learned Majority in rejecting Americhoice's arguments to quash or dismiss this appeal, I cannot agree that the trial court erred in denying Appellants' petition to strike.  In my view, Appellants were on sufficient notice as to the steps they needed to complete in order to avoid the default judgment.  Therefore, I respectfully dissent to the Majority's decision to reverse and remand for further proceedings.

As the Majority notes, on May 23, 2013, Americhoice mailed its notice of intent to file a praecipe for a default judgment.  Importantly, the notice contained the following language.

**Important Notice**

**You are in default because you have failed to take action required of you in this case**. Unless you act within ten (10) days from the date of this notice, a judgment may be entered against you without a hearing and you may lose your property or other important rights. You should take this notice to a lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the following office to find out where you can get legal help:

Montgomery County Lawyer Referral Service
100 West Airy Street (Rear)
Norristown, PA 19404
(610) 279-9660 ext. 201

Americhoice's Praecipe for Default Judgment, 6/4/13, at 2 (emphasis added). Attached to this notice was a copy of the trial court's May 1, 2013 order, directing Appellants to file an answer. *Id.* at 10. Appellants argue that Americhoice's Rule 237.5 notice was non-compliant because it used the phrase "[y]ou are in default because you have failed to take action required of you in this case." Americhoice's Praecipe for Default Judgment, 6/4/13, at 2. As the Majority correctly observes, this Court has held that the use of such language does not comply with Rule 237.5 and is a fatal defect on the face of the record, because the plaintiff is required in the notice to give "*specific* reasons *why* the defendant is in default." *Oswald v. WB Pub. Square Assocs., LLC*, 80 A.3d 790, 796 (Pa. Super. 2013) (emphases in original), *quoting City of Phila. v. David J. Lane Adver., Inc.*, 33 A.3d 674, 679 (Pa. Cmwlth. 2011) (*en banc*).

Americhoice argues that *Oswald* is legally distinguishable from this case because it attached to its notice a copy of the trial court's order

- 2 -

directing Appellants to file an answer to the complaint within 20 days after it overruled their preliminary objections. Americhoice's Brief at 33. In Americhoice's view, the "inclusion of the underlying [o]rder of [c]ourt in the default judgment notice … informed [Appellants] with exact specificity what they were required to do and failed to do, leading to the possibility of default." **Id.** at 34.

Based upon my careful review, I agree with Americhoice that **Oswald** is legally distinguishable from the instant case. It is undisputed that Americhoice attached a copy of the trial court's May 1, 2013 order to the notice. The trial court's order specifically directed them to file a responsive pleading to Americhoice's complaint. Trial Court Order 5/1/13, at 1. Therefore, through the notice and the attached order, Appellants were effectively given "*specific* reasons *why* [they were] in default." **Oswald**, **supra** (emphases in original). In my view, the Majority's application of **Oswald** in this case elevates form over substance, which this Court is generally not inclined to do. **See generally Bonawits v. Bonawits**, 907 A.2d 611, 617 (Pa. Super. 2006). Rather, the use of the language "failed to take action required of you," coupled with the attachment of the order that unequivocally directed Appellants to file an answer to the complaint, substantially complied with Rule 237.5's requirements.

Based on the foregoing, I conclude Appellants are not entitled to relief on appeal. Accordingly, I would affirm the trial court's April 16, 2015 order. I respectfully dissent.