J. A32005/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AURORA LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| CRYSTAL M. STEPHENS | : | |
| APPELLANT | : | No. 1449 EDA 2016 |

Appeal from the Order April 11, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September term, 2009 No. 090901470

BEFORE: DUBOW, RANSOM AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED DECEMBER 27, 2016**

Appellant, Crystal M. Stevens, appeals *pro se* from the Order entered in the Philadelphia County Court of Common Pleas denying her Motion to Strike Default Judgment and Writ of Execution. After careful review, we affirm.

The relevant facts and procedural history as gleaned from the record are as follows. On September 17, 2009, Aurora Loan Services ("Aurora") filed an action in mortgage foreclosure against Appellant for a mortgage that originated on January 26, 2007 and was secured by the premises at 514 Poplar Street in the City of Philadelphia. The foreclosure action proceeded through the Philadelphia Court of Common Pleas Conciliation Program until

---

[*] Retired Senior Judge Assigned to the Superior Court.

December 15, 2009, when the parties reached a Workout Agreement; however, the instant mortgage foreclosure action remained open for Aurora to pursue if Appellant breached the Agreement.

Appellant defaulted on the Workout Agreement. Following Appellant's default on the agreement, on June 11, 2010, Aurora entered a Default Judgment in the amount of $213,384.96, as well as a *Praecipe* for Writ of Execution on the premises.

Over the course of the next five years, Appellant sought and obtained numerous postponements of the sheriff's sales scheduled for the property. Finally, on December 28, 2015, Aurora obtained its most recent Writ of Execution. On March 1, 2016, Appellant filed a Petition to Strike Default Judgment, over five years after Aurora entered the Default Judgment.

The trial court denied the Petition on April 11, 2016. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

> 1. Can a default judgment be entered against a [d]efendant in a mortgage foreclosure action if two [w]orkout [a]greements are reached through the Diversion Program and the [d]efendant did not default on the [w]orkout [a]greements?
>
> 2. Is it a fatal defect on the face of the record if a default judgment is improperly entered and the record does not support the judgment at the time it was entered?
>
> 3. Can [c]ounsel act on the behalf of Aurora Loan Services, LLC in the years 2015 and 2016, if they purportedly assigned the mortgage to Nationstar Mortgage, LLC in 2013?

J. A32005/16

Appellant's Brief at 5.[1,2]

Each of Appellant's claims of error challenge the trial court's Order denying her Motion to Strike Default Judgment. We consider this issue with the following precepts in mind:

> With regard to a motion to strike a default judgment, a court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.
>
> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. Where a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter a default judgment and the default judgment will be considered void.

---

[1] Although Appellant presents three issues on appeal, the argument section of Appellant's Brief contains four distinct sections. In the section labeled "C. Petition to Strike a Default Judgment is a Common Law Proceeding," Appellant appears to reiterate her argument that she did not default on the Workout Agreement and, as such, a fatal defect appears on the face of the record in that the Default Judgment was unwarranted. Our review of this claim indicates that it is redundant of claims raised in her first and second issues on appeal and, thus, we address it within the context of those claims.

[2] We further note with disapproval Appellant's failure to cite to authority in support of her arguments on appeal. Notwithstanding Appellant's failure to comply with the Rules of Appellate Procedure, because our appellate review was not substantially hampered, we decline to find Appellant's issues waived.

***Keller v. Mey***, 67 A.3d 1, 4 (Pa. Super. 2013) (citations and quotation marks omitted). Moreover, "a petition to strike is not a chance to review the merits of the allegations of a complaint." ***Oswald v. WB Public Square Associates, LLC***, 80 A.3d 790, 794 (Pa. Super. 2013). We review a trial court's order denying a petition to strike a judgment to determine "whether the trial court manifestly abused its discretion or committed an error of law." ***Vogt v. Liberty Mut. Fire Ins. Co.***, 900 A.2d 912, 915 (Pa. Super. 2006) (citation omitted).

In her first issue on appeal, Appellant claims the trial court erred in not granting her Motion to Strike Default Judgment because Aurora did not provide Appellant with notice of default under the terms of the first or second Workout Agreements. Appellant's Brief at 9. Appellant baldly claims that "[t]here is a fatal defect that appears on the face of the record due to the fact that counsel for [Aurora] improperly entered a *Praecipe* for Default Judgment against [Appellant]." ***Id.*** at 10. Our review of the record belies this claim.

This Court's review of the trial court docket reveals that Aurora filed its *Praecipe* for Entry of Default Judgment on June 11, 2010. Attached to the *Praecipe* is a Notice of Intent to Take Default Judgment pursuant to Pa.R.C.P. 237.1 sent to Appellant on May 21, 2010, and a Certificate of Mailing of Notice of Intent to Take Default Judgment. As more than ten days passed between the time Aurora notified Appellant of its intent to enter

default judgment against her, and entry of the Default Judgment, we conclude that the notice provided to Appellant satisfied the requirements of the Rules of Civil Procedure. Accordingly, this claim fails.

In her second issue, Appellant alleges that the trial court erred and abused its discretion in "failing to acknowledge that the record did not support the default judgment at the time it was entered." She claims that the trial court abused its discretion because the December 15, 2009 Workout Agreement provided that Aurora could only proceed with its foreclosure action if Appellant defaulted on the Workout Agreement. *Id* at 11-12. Appellant argues that the trial court erred and abused its discretion in basing its ruling on her Motion to Strike Default Judgment only on the face of the record. *Id.* at 12. This issue lacks merit.

First, contrary to Appellant's claims, the trial court did not err when it only considered whether defects existed on the face of the record when ruling on Appellant's Motion to Strike, as that is the proper lens through which to view such a Motion. Furthermore, to the extent Appellant's claim is predicated upon her assertion that she did not, in fact, default on any Workout Agreements, this claim is unavailing. Appellant's proffered substantive defenses to Aurora's claims do not constitute fatal defects or irregularities apparent on the face of the record, which would deprive the Prothonotary of the authority to enter judgment or so as to render void any judgment entered.

In her third issue on appeal, Appellant avers that Aurora improperly obtained a Writ of Execution on December 28, 2015, after assigning its interest in Appellant's mortgage to Nationstar Mortgage, LLC on February 4, 2013, who then assigned its interest to Deutsche Bank Trust Company America. *Id.* at 10. Appellant argues that, since neither Nationstar nor Deutsche Bank had been substituted as parties in this matter, the reissued Writ of Execution is a fatal defect on the face of the record, and the trial court erred in not striking the Default Judgment. *Id.* at 10. This claim likewise fails since the event Appellant claims invalidates the reissued writ of execution did not occur until February 4, 2013, and the trial court may only consider defects on the face of the record as of the June 11, 2010 entry of judgment.

For the foregoing reasons, we conclude the trial court did not err as a matter of law or manifestly abuse its discretion in denying Appellant's Motion to Strike Default Judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016

- 6 -