J-A03038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANNETTE MAIONE, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF MARK WILLETT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREENWAY CENTER, INC., AS SUCCESSOR IN INTEREST TO WINCO ACQUISITION, INC., | |
| WINCO ACQUISITION, INC., | No. 884 EDA 2017 |
| Intervenor | |

Appeal from the Order Dated February 6, 2017
in the Court of Common Pleas of Monroe County
Civil Division at No.: 4776 Civil 1999

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                **FILED APRIL 25, 2018**

Appellant, Annette Maione, appeals from the trial court order striking the default judgment entered against intervenor, Winco Acquisition, Inc. (Winco).[1]  We affirm.

We set forth an abbreviated factual and procedural history as relevant to this appeal, and refer the reader to our Memorandum filed October 31,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We have amended the caption to reflect correctly the name of the intervenor in this matter, Winco Acquisition, Inc., and the defendant, Greenway Center, Inc., as successor in interest to Winco Acquisition, Inc.

2017, at appeal No. 3381 EDA 2016, for a more detailed history. (**See**

***Maione v. Greenway Center, Inc., as successor in interest to Winco***

***Acquisition, Inc.***, No. 3381 EDA 2016, unpublished memorandum at *2-4

(Pa. Super. filed Oct. 31, 2017)).[2]

On June 2, 2016, after a bench trial, the trial court entered default

judgment against the defendant, Greenway Center, Inc., as successor in

interest to Winco Acquisition, Inc., which had failed to appear. (**See** Trial

Court Opinion, 4/04/17, at 3). Appellant filed a praecipe for entry of judgment

on September 22, 2016. On that same date, the Prothonotary entered

judgment against "GREENWAY CENTER INC. AS SUCCESSOR IN INTEREST

TO" and "WINCO ACQUISITION INC." (***Id.*** at 4). The judgment was indexed

against both entities. (**See id.**). On November 4, 2016, Winco filed a motion

to strike the judgment against it, and, on February 6, 2017, the trial court

issued an order striking the judgment against Winco. This timely appeal

follows.

On appeal, Appellant claims the trial court erred when it struck the

judgment entered against Winco. We disagree.[3]

---

[2] On October 31, 2017, this Court quashed Appellant's appeal at No. 3381 EDA 2016, concluding that she waived her claim where she failed to file a post-trial motion requesting to amend the caption to name the correct defendant in this matter. (***See Maione***, ***supra*** at *6-7).

[3] The trial court determined that, although the appeal at No. 3381 EDA 2016 was currently before this Court, it had jurisdiction to act on Winco's motion to strike the judgment against it because it was ancillary to the issue on appeal.

Our standard of review of an order granting a motion to strike is well settled. "A petition to strike a judgment operates as a demurrer to the record, and must be granted whenever some fatal defect appears on the face of the record." **Oswald v. WB Pub. Square Assocs., LLC**, 80 A.3d 790, 793 (Pa. Super. 2013) (citation omitted).

Here, the Prothonotary entered judgment not against "Greenway Center, Inc., as successor in interest to Winco Acquisition, Inc.," the entity against whom judgment was rendered, but against two entities: "GREENWAY CENTER INC. AS SUCCESSOR IN INTEREST TO" and "WINCO ACQUISITION INC." (Trial Ct. Op., at 4). Upon review, we conclude that the Prothonotary's entry of judgment against a non-party constitutes a fatal defect necessitating striking of the judgment against that party. **See Oswald**, **supra** at 793. Accordingly, the trial court did not err in granting Winco's motion to strike and Appellant's claim does not merit relief.

Order affirmed.

---

(**See** Trial Ct. Op., at 5). We agree. Because Winco is not a party to the case, consideration of its motion to strike the judgment entered against it is a matter ancillary to the appeal. **See** Pa.R.A.P. 1701(b)(1). Thus, the trial court had jurisdiction to act on Winco's motion to strike. Additionally, we agree with the trial court that Winco, which had been given leave to intervene by the trial court, had the right to appear and challenge the entry of judgment against it. (**See** Trial Ct. Op., at 5-6).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/25/18</u>