J-S19019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES W.S. SMITH, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD P. COBLE, ESQ., MICHAEL | : | |
| T. VAN DER VEEN, ESQ., AND THE | : | |
| LAW OFFICE OF VAN DER VEEN, | : | No. 2092 EDA 2021 |
| O'NEILL, HARTSHORN, LEVIN  A/K/A | : | |
| MTV LAW | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered September 9, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210301913

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                           **FILED JULY 14, 2022**

Appellants, Richard P. Coble, Esq., Michael T. van der Veen, Esq., and

the law office of van der Veen, O'Neill, Hartshorn, Levin a/k/a MTV Law, appeal

from the order entered on September 9, 2021.  The subject order denied

Appellants' petition to open and/or strike the default judgment that was

entered in favor of plaintiff, James W.S. Smith, Jr. (hereinafter "Plaintiff") and

against Appellants.  We vacate and remand.

On March 17, 2021, Plaintiff initiated a civil action by filing a *pro se*

complaint against Appellants in the Philadelphia County Court of Common

Pleas.  Within the complaint, Plaintiff averred that, after he was convicted of

---

[*] Former Justice specially assigned to the Superior Court.

a crime and sentenced in the Philadelphia County Court of Common Pleas, he retained Appellants as legal counsel. Plaintiff's Complaint, 3/17/21, at ¶¶ 8-71. Plaintiff claimed, however, that Appellants failed to properly litigate his post-sentence motion.[1] *Id.* at ¶¶ 71-103. As a result, Plaintiff filed a

_____

[1] Within Plaintiff's Complaint, Plaintiff alleged:

71. At [the post-sentence motion] hearing, [Appellant] Coble read the [post-sentence] motion in to the record.

. . .

73. [Appellant] Coble made no arguments other than what [Plaintiff] wrote on paper next to them while the [district attorney] presented her argument.

. . .

78. [Plaintiff] wrote numerous letters to [Appellant] Coble.

79. [Appellant] Coble never responded to date.

80. [Appellant] Coble never obtained [Plaintiff's] records from [his prior attorney].

81. [Appellant] Coble never obtained trial transcripts.

. . .

87. [Appellant] Coble stated he definitely would win the [post-sentence motion] because of the undefendable errors made by the [trial] court.

88. [Appellant] Coble misrepresented himself to [Plaintiff] and his [fiancée].

89. Plaintiff has lost possessions as a result of being incarcerated much longer than he should have.

*(Footnote Continued Next Page)*

three-count complaint against Appellants, claiming breach of contract, professional negligence, and intentional infliction of emotional distress, and sought over $1,500,000.00 in damages. *Id.* at ¶¶ 93-127.

Plaintiff prefaced his complaint with a clause purporting to be a "notice to defend," which declared:

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the compliant or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Community Legal Service
1410 W Eerie Ave.
Philadelphia, PA 19140
(215) 227-2400

Plaintiff's Complaint, 3/17/21, at ¶¶ 71-89.

*Id.* at "Notice to Defend."

On March 26, 2021, an individual named Angel Bunton[2] filed an affidavit of service, declaring:

> I, Angel Bunton, do affirm that on March 26, 2021, I did serve three copies of the complaint for case March term 21 No:01913 Smith v. Coble ET AL. Service was completed by handing all three copies to a woman who identified herself as Erica Green. She was an African American woman about late twenties, early thirties. She also stated she was the receptionist and signed for the complaints. See attached. Service was for Defendants Richard Coble, Michael T Van Der Veen and MTV Law.
>
> /s/ Angel Bunton
> PO Box 485
> Vineland NJ 08362
> . . .

Affidavit of Service, 3/26/21, at 1.

Attached to the affidavit of service is a photographic "receipt of service," signed by an individual named Erica L. Green, declaring:

> On the <u>26</u> day of March, 2021, I received 3 envelopes. The envelopes are for Richard Coble ESQ, Michael T Van der Veen ESQ, and MTV Law. The envelopes were hand delivered.

Affidavit of Service, 3/26/21, at Attachment.

---

[2] Plaintiff's Complaint declares that Angel Bunton is his fiancée. **See** Plaintiff's Complaint, 3/17/21, at ¶¶ 88 and 105. We note that Pennsylvania Rule of Civil Procedure 400.1(a)(1) declares that, "[i]n an action commenced in the First Judicial District, original process may be served . . . within the county by the sheriff or a competent adult." Pa.R.C.P. 400.1(a)(1); **see also** Pa.R.C.P. 76 (defining the term "competent adult" as: "an individual eighteen years of age or older who is neither a party to the action nor an employee or a relative of a party").

Appellants did not file a responsive pleading to the complaint and, according to Plaintiff, on April 15, 2021, Plaintiff mailed a "notice of *praecipe* to enter default judgment" (hereinafter "Rule 237.5 Ten-Day Notice") to all three named defendants. Each Rule 237.5 Ten-Day Notice declared:

<u>**NOTICE OF PRAECIPE TO ENTER DEFAULT JUDGMENT**</u>

TO: [Appellants]

APRIL 15, 2021

**IMPORTANT NOTICE**

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGEMENT [sic] MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Community Legal Service
1410 W Eerie Ave.
Philadelphia, PA 19140
(215) 227-2400

Plaintiff's Rule 237.5 Ten-Day Notice, dated 4/15/21, at 1-2.

On April 28, 2021, Plaintiff filed a *praecipe* to enter default judgment against Appellants. Plaintiff's certification of service declared that he mailed a copy of the *praecipe* to enter default judgment to each defendant on April 26, 2021. Further, Plaintiff attached a copy of the Rule 237.5 Ten-Day Notice to each *praecipe* to enter default judgment.

On June 4, 2021, Appellants filed a "petition to open and/or strike default judgment." Within the petition, Appellants averred that they had never been served with a copy of Plaintiff's Complaint, the Rule 237.5 Ten-Day Notice, or the *praecipe* to enter default judgment and that Appellants "were unaware that a complaint had been filed by [Plaintiff] and that a default judgment had been entered against them until June 4, 2021, when copies of the *praecipe* to enter default judgment filed by Plaintiff [were] received by mail from the Office of Judicial Records." Appellants' Petition, 6/4/21, at ¶ 8.

Within their petition, Appellants requested that the trial court strike the default judgment because: "Plaintiff's [Rule 237.5 Ten-Day Notice] does not provide the correct information for the Lawyer Referral and Information Service, namely the correct office, telephone number or address, and is not in Spanish;" "Plaintiff's Notice to Defend[, in Plaintiff's Complaint, was] not in the proper form required by the Rules of Civil Procedure;" Appellants were never served with Plaintiff's Complaint; and, "Plaintiff's Affidavit of Service [of the Complaint was] defective . . . [since it did not] include the time or place of service, or whether the person served was [Appellant's] agent or the person for the time being in charge at any office or usual place of business of

- 6 -

[Appellants,] or a manager or clerk of [Appellants]." ***Id.*** at ¶¶ 31, 36, and 39. Alternatively, Appellants requested that the trial court open the default judgment because: Appellants were never served with Plaintiff's Complaint, the Rule 237.5 Ten-Day Notice, or the *praecipe* to enter default judgment; "Plaintiff's Affidavit of Service [of the Complaint was] defective . . . [since it did not] include the time or place of service, or whether the person served was [Appellant's] agent or the person for the time being in charge at any office or usual place of business of [Appellants,] or a manager or clerk of [Appellants];" Appellants promptly filed their petition to open "following [Appellants'] receipt of actual notice of the entry of the default judgment;" and, Appellants "have valid and meritorious defenses to the underlying Complaint." ***Id.*** at ¶¶ 52-57.

Appellants also attached an affidavit from Erica Green to their petition, where Ms. Green attested that:

> On March 26, 2021, an unidentified woman delivered to me three envelopes addressed to Richard Coble, Esq., Michael T. van der Veen, Esq. and MTV Law. I signed a receipt presented to me by the unidentified woman after being handed the three envelopes. . . .
>
> Inside of each envelope was a one-page letter dated March 10, 2021, which was signed by the Plaintiff. . . . No other documents were contained within the aforesaid envelopes.
>
> No copies of the Complaint filed in this matter by the Plaintiff were contained within the aforesaid envelopes.
>
> . . .

I do not have authority to accept service of legal process on behalf of [Appellants].

I do not act as agent, manager or clerk of [Appellants] or as a person in charge of any office or usual place of business of [Appellants].

Affidavit of Erica Green, dated 6/10/21, at 1-2 (paragraph numbering omitted).

Attached to Ms. Green's affidavit was a photograph of each "one-page letter" that Appellants claimed to have received within the three envelopes served on March 26, 2021. The handwritten letter addressed to Appellant Coble declares:

March 10, 2021

Dear Mr. Coble,

I sent you a letter over a month ago along with the proposed complaint via email and regular mail. You haven't responded. I will now begin litigation of this matter.

/s [unintelligible signature]

*Id.* at Attachment. The other two handwritten, one-page letters were directed to the other two Appellants and are substantially similar to the above.

On September 9, 2021, the trial court denied Appellants' petition and Appellants filed a timely notice of appeal.[3] Appellants raise nine claims on appeal:

---

[3] Although damages have not yet been assessed in this case, Pennsylvania Rule of Appellate Procedure 311(a)(1) permits aggrieved parties such as Appellants to file an interlocutory appeal as of right from "[a]n order refusing to open, vacate, or strike off a judgment." Pa.R.A.P. 311(a)(1). Hence, the
*(Footnote Continued Next Page)*

1. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, in that the court did not properly consider the pleadings and filings of record when ruling on the Petition to Strike Default Judgment[?]

2. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, since the record contains fatal defects which affect the validity of the default judgment and entitle [Appellants] to relief as a matter of law[?]

3. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, since fatal defects appear on the face of the record which deny the Office of Judicial Records the authority to enter judgment against [Appellants?]

4. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, in that the Office of Judicial Records did not have the authority to enter default judgment against [Appellants?]

5. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter,

_____

order denying Appellants' petition to open and/or strike the default judgment is immediately appealable under Rule 311(a)(1). *See **Mother's Restaurant Inc. v. Krystkiewicz***, 861 A.2d 327, 335 (Pa. Super. 2004) (*en banc*) ("the plain language of [the Pennsylvania Rules of Civil Procedure] demonstrates that the entry of the default judgment occurs . . . when the prothonotary recognizes that a litigant has filed a proper *praecipe* for the entry of a default judgment and when the prothonotary enters a default judgment on the docket. The assessment of legal damages . . . is not a precursor to the proper entry of a default judgment").

since Plaintiff failed to comply with Pa.R.C.P. 237.1, Pa.R.C.P. 237.5 and Local Rule 1018.1[?]

6. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, since Plaintiff failed to comply with Pa.R.C.P. 1018.1 and Local Rule 1018.1[?]

7. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, since Plaintiff failed to serve [Appellants] in accordance with the Pennsylvania Rules of Civil Procedure[?]

8. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, since the lack of service upon [Appellants] deprived [the trial court] of jurisdiction over [Appellants] and deprived the Office of Judicial Records of the authority to enter a default judgment against [Appellants] in this matter[?]

9. Whether the trial court erred as a matter of law and/or abused its discretion in denying the Petition to Open and/or Strike Default Judgment filed by [Appellants] in this matter, since the record reflects that [Appellants] promptly filed their Petition to Open Default Judgment, [Appellants] have a reasonable excuse for failing to appear and have an acceptable and reasonable explanation for the circumstances under which Plaintiff entered a default judgment against [Appellants?]

Appellants' Brief at 4-6.

Appellants' first set of issues contend that the trial court erred when it denied their petition to strike the default judgment, as fatal defects or irregularities appear on the record. The following principles govern our review of such a claim:

An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure. Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary.

A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a default judgment, a court may only look at what was in the record when the judgment was entered.

***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267-1268 (Pa. Super. 2015) (quotation marks, citations, and brackets omitted).

First, Appellants claim that the trial court erred when it denied their petition to strike the default judgment, as Plaintiff's Rule 237.5 Ten-Day Notice did not "provide the correct information for the lawyer referral and information service." ***See*** Appellants' Brief at 13. We agree.

In relevant part, Pennsylvania Rule of Civil Procedure 237.1 declares:

(a)(2) No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the *praecipe* for entry includes a certification that a written notice of intention to file the *praecipe* was mailed or delivered

. . .

- 11 -

> (ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the *praecipe* to the party against whom judgment is to be entered and to the party's attorney of record, if any.
>
> (3) A copy of the notice shall be attached to the *praecipe*.
>
> (4) The notice and certification required by this rule may not be waived.

Pa.R.C.P. 237.1(a).

Pennsylvania Rule of Civil Procedure 237.5 delineates the form to which a party must adhere when drafting the written, ten-day notice of intention to file a *praecipe* for default judgment. Rule 237.5 declares:

> The notice required by Rule 237.1(a)(2) shall be substantially in the following form:

**(CAPTION)**

> To: _____
> (Defendant)
>
> Date of Notice: _____

**IMPORTANT NOTICE**

> YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.
>
> YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE

OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name of Office)

_____
(Address of Office)

_____
(Telephone Number)

_____
(Signature of Plaintiff or Attorney)

_____
(Address)

Note: The office shall be that designated by the court under Rule 1018.1(c).

Pa.R.C.P. 237.5 and Note.

As is evident, Rule 237.5 requires that each Rule 237.5 Ten-Day Notice inform the opposing party of a particular agency "that may offer legal services to eligible persons at a reduced fee or no fee." *See id.* The note to Rule 237.5 declares that this agency "shall be that designated by the court under Rule 1018.1(c)." *Id.* at Note. Rule 1018.1(c), in turn, declares:

(c) Each court shall by local rule designate the officer, organization, agency or person to be named in the notice from whom information can be obtained.

Pa.R.C.P. 1018.1(c).

- 13 -

In accordance with Rule 1018.1(c), the Philadelphia County Court of Common Pleas promulgated Philadelphia Civil Rule 1018.1. This rule declares:

> (A) The agency to be contacted for legal help as provided in Pa.R.C.P. 1018.1(b) is:
>
> Philadelphia Bar Association
> Lawyer Referral and Information Service
> One Reading Center
> Philadelphia, Pennsylvania 19107
> Telephone (215) 238-1701

Phila. Civ. R. 1018.1(A).

As this Court has explained, "Rule 237.1 operates in tandem with Rule 237.5. The ten-day notice must 'substantially' comply with the language set forth in Rule 237.5 in order to meet the mandates of Rule 237.1." *Penn Nat'l Mut. Cas. Ins. Co. v. Phillips*, ___ A.3d ___, 2022 WL 1548503, at *8 (Pa. Super. 2022). This Court has held that, when the Rule 237.5 Ten-Day Notice does not substantially comply with Rule 237.5, there exists a "fatal defect on the face of the record pursuant to Rule 237.1." *Oswald v. WB Public Square Assocs., LLC*, 80 A.3d 790, 796 (Pa. Super. 2013) (quotation marks and citations omitted). Since "a record which reflects a failure to comply with [Rule] 237.1 is facially defective[, such a record] cannot support a default judgment." *Id.* (quotation marks, citations, and brackets omitted). Further, where the record reflects a failure to comply with Rule 237.1, the prothonotary lacks authority to enter a default judgment and any such judgment entered is "void *ab initio*." *Id.* at 797.

- 14 -

For example, in *Phillips*, this Court held that a Rule 237.5 Ten-Day Notice did not substantially comply with Rule 237.5, where the notice declared: "You are in default because you have failed to plead to the Complaint filed in the above-captioned matter." *Phillips*, 2022 WL 1548503, at *8. We observed that the language in this Rule 237.5 Ten-Day Notice deviated from the requirements of Rule 237.5, as Rule 237.5 demanded that the notice advise the defaulting party: "You are in default because you have failed to enter a written appearance personally or by attorney and file in writing with the court your defenses or objections to the claims set forth against you." *Id.*

The *Phillips* Court held that the Rule 237.5 Ten-Day Notice in its case did not substantially comply with Rule 237.5 – and that, as a result, the prothonotary was not authorized to enter the default judgment – because the language was too general and failed to "expressly direct[] the defendant to defend by entering an appearance (either personally or by attorney) and by filing with the court in writing defenses or objections to the claims in the complaint." *Id.* at *9 (quotation marks and citations omitted). Further, we explained: "[s]ince the [Rule 237.5 Ten-Day Notice] will in many cases be sent to an as yet unrepresented defendant, repetition of the notice to defend, in modified form[,] helps to stimulate action and stem the tide of petitions to open default judgments." *Id.* (quotation marks and citations omitted); *see also Oswald*, 80 A.3d at 796 (holding that the Rule 237.5 Ten-Day Notice did not substantially comply with the rule, where the notice merely informed the

opposing party: "You are in default because you have failed to take action required of you in this case"); ***City of Phila. v. David J. Lane Adver., Inc.***, 33 A.3d 674 (Pa. Cmwlth. 2011) (same); ***AmeriChoice Fed. Credit Union v. Ross***, 135 A.3d 1018 (Pa. Super. 2015) (same).

Here, Plaintiff's Rule 237.5 Ten-Day Notice did not substantially comply with Rule 237.5, as it instructed Appellants to contact a legal referral service which was not prescribed by the trial court. Indeed, Plaintiff's Rule 237.5 Ten-Day Notice declared that Appellants could obtain information about legal service providers from "Community Legal Service," located at "1410 W Eerie Ave. Philadelphia, PA 19140," and with the telephone number of "(215) 227-2400." Plaintiff's Rule 237.5 Ten-Day Notice, dated 4/15/21, at 1-2. However, Philadelphia Civil Rule 1018.1 specifically declares that "[t]he agency to be contacted for legal help" for purposes of Rule 237.5 is the "Philadelphia Bar Association, Lawyer Referral and Information Service," located at "One Reading Center, Philadelphia, Pennsylvania 19107," and with the telephone number of "(215) 238-1701." Phila. Civ. R. 1018.1(A).

The explanatory comment to Rule 1018.1 explains why the notice must correctly identify the proper legal aid society:

> New Rule 1018.1 "Notice to Defend", adopted January 23, 1975 and effective July 1, 1975, and the related amendments to the other Rules, had their origin in a request from the Attorney General for amendment to Pennsylvania's historic "Notice to Plead" rule which required the notice to be "endorsed" upon a complaint to which a responsive answer is required.

The Attorney General suggested that the legalistic and uniformative nature of the "Notice to Plead" was inadequate in the case of "uneducated, uninformed and unsophisticated defendants" and raised due process problems, particularly in the case of Spanish-speaking minority groups who had little, if any, knowledge of the English language. . . .

The Attorney General also suggested that, with the extension of legal aid services to practically every county of the Commonwealth under federally financed programs, the "Notice to Defend" should also note the availability of legal services or legal reference agencies. The right of indigents to representation in civil actions which lead to deprivation of "substantial rights" has been held to raise due process and equal protection questions where the court fails to assign counsel. ***In re Adoption of R.I.***, 455 Pa. 29 (1973). A survey submitted by the Attorney General **revealed that in Philadelphia large numbers of default judgments were entered against defendants who did not understand what was required of them or where to turn for legal help**.

Pa.R.C.P. 1018.1 cmt (emphasis added).[4]

The requirement that the notice inform a defaulting party about a locally designated legal referral agency is, thus, an extremely important provision and is required because, historically, "large numbers of default judgments were entered against defendants who did not understand what was required

---

[4] In ***Laudenberger v. Port Authority of Allegheny County***, the Pennsylvania Supreme Court explained:

These explanatory notes have not been officially adopted or promulgated by [the Pennsylvania Supreme Court], nor do they constitute part of the rule. However, they indicate the spirit and motivation behind the drafting of the rule, and they serve as guidelines for understanding the purpose for which the rule was drafted.

***Laudenberger v. Port Auth.***, 436 A.2d 147, 151 (Pa. 1981).

of them or where to turn for legal help." ***See id.*** Given that a default judgment was entered in this case, where Plaintiff's Rule 237.5 Ten-Day Notice misinformed Appellants about the legal referral agency prescribed by the trial court pursuant to Pa.R.C.P. 1018.1 and Phila. Civ. R. 1018.1(A), we must conclude that the face of the record reveals that Plaintiff's Rule 237.5 Ten-Day Notice does not substantially comply with Rule 237.5.[5] As such, there exists a "fatal defect on the face of the record pursuant to Rule 237.1." ***Oswald***, 80 A.3d at 796. The prothonotary thus lacked authority to enter the default judgment in this case and the default judgment is void *ab initio*. We therefore vacate the trial court's order and remand for further proceedings.[6]

Order vacated. Case remanded. Jurisdiction relinquished.

---

[5] Appellants are two attorneys and a law firm. One might infer that Appellants are ineligible for legal aid or that they knew where to turn for legal representation – although no evidence exists to support these inferences. Regardless, a petition to strike a default judgment looks to "**the face of the record**" and asks whether "a fatal defect or irregularity appear[s] on the face of the record." ***Green Acres Rehab.***, 113 A.3d at 1267-1268 (emphasis added). Moreover, the explanatory comment to Rule 237.5 expressly declares: "Rule 237.5 prescribes the form of notice when a judgment by default is sought. **Each form of notice is universal**, applying to all plaintiffs or defendants as the case may be, whether represented or not **and without distinction as to their degree of education or sophistication**. As in Rule 1018.1, **no attempt is made to apply the notices selectively based on the nature of the action or party involved**." Pa.R.C.P. 237.5 cmt. (emphasis added).

[6] In light of our disposition, Appellants' remaining issues are moot.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/14/2022*