J-A13026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROSE A. GROSS, INDIVIDUALLY AND AS EXECUTRIX OF THE WILL OF WILLIAM P. GROSS, DECEASED AND OXFORD TRANSPORTATION INC., COVENTRY TRANSPORTATION INC., G&L STUDENT TRANSPORTATION, INC., GROSS SCHOOL BUS SERVICE INC., AND SCHOOL BUS SERVICE, INC. | : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| MICHAEL L. CROSS & COMPANY, LTD AND MICHAEL L. CROSS, CPA | : : : | |
| APPEAL OF: ROSE A. GROSS, INDIVIDUALLY AND AS EXECUTRIX OF THE WILL OF WILLIAM P. GROSS, DECEASED | : : : : | No. 3159 EDA 2019 |

Appeal from the Order Entered September 3, 2019
in the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 2018-29784

BEFORE:   BENDER, P.J.E., LAZARUS, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          Filed September 1, 2020

Rose A. Gross (Gross), individually and in her capacity as Executrix of the Will of William P. Gross, Deceased (Decedent), appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying her[1] petition for relief from judgment of *non pros*.   Upon review, we vacate the order and remand for further proceedings consistent with this memorandum.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Gross is the only plaintiff still a party to this action.

The [facts] giving rise to [this matter] concern the accountant/client relationship between [Decedent] and his accountants, Michael L. Cross & Company, [Ltd.] and Michael L. Cross, CPA [(collectively, Cross or Accountants)] between 2011 and 2016. [Gross] alleged that in 2011, under the advice of [Cross], [Decedent] formed three new companies[.] [Accountants] were tasked with the formation of the three new companies and the performance of all related services for them beginning on January 1, 2011. … [Accountants] were to establish the unemployment compensation accounts, experience records[,] and reserve accounts with the Commonwealth of Pennsylvania. [Gross] alleged that [Cross] supplied incorrect information to the Commonwealth [] which caused the newly formed companies to significantly underpay unemployment compensation contributions and taxes from 2011 through 2016.

In 2016, [Decedent] sold [those three companies] to Landmark Student Transportation, Inc. (Landmark). Pursuant to the terms of their purchase agreement, [Decedent] agreed to indemnify Landmark for any losses it sustained prior to closing of the sale. As a result of [Cross's] alleged actions, [Decedent] indemnified Landmark for all the costs associated with the unemployment compensation underpayments.

\* \* \*

[Gross] alleged that in relying on [Cross's] advice, [she] suffered significant damages in connection with the aforementioned underpayments, as well as lost interest on escrow balances and installment payments that would have been made by Landmark to [her].

Trial Court Opinion, 12/2/2019, at 1-2.

On May 7, 2019, Gross filed a complaint against Cross alleging professional liability claims grounded in negligence and breach of contract.

Under Pennsylvania Rule of Civil Procedure 1042.3,[2] Gross had 60 days therefrom - until July 6, 2019 - to file timely a certificate of merit (COM).[3] Seven days later, on May 14, 2019, Cross prematurely filed and served Gross with its notice of intent to seek a judgment of *non pros* if Gross failed to file timely the requisite COM. ***See*** Pa.R.C.P. 1042.6 (stating that defendant seeking judgment of *non pros* for plaintiff's failure to produce COM must, **no sooner than the 31st day after the filing of the complaint**, file and serve

_____

[2] Pennsylvania Rule of Civil Procedure 1042.3(a) provides that in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff shall file a certificate of merit within 60 days after the filing the complaint, verifying that:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

***Id.***

[3] Instantly, Gross avers that she "obtained the requisite signed statement of the professional to be able to file the requisite [COM] on July 9, 2019, and then prepared and attempted to file the [COM] on that same date." Gross's Brief at 14.

- 3 -

upon plaintiff its 30-day notice of intent to file praecipe for entry of judgment of *non pros*).

On June 17, 2019, a docket entry was made reflecting the electronic filing of Cross's certificate of service for the praecipe for entry of judgment of *non pros*; however, no praecipe was actually filed at that time.[4]  Gross's counsel misinterpreted this filing "to be [Cross] curing the defect of the earlier [Rule 1042.6] notice, and understood this certificate to be the thirty day notice [of Cross's intent to seek a judgment of *non pros*, filed] after the thirty[-]first day after [the] filing of the complaint, as required by [that Rule];" accordingly, Gross's counsel "calendared [July 17, 2019] as the new deadline" for filing the COM.  Gross's Brief at 8, 14.[5]  Three weeks later, on July 8, 2019 - two days after the actual deadline for Gross to file timely a COM - Cross filed and served Gross with a praecipe for entry of judgment of *non pros* pursuant to Rule 1042.7 for failure to file a COM pursuant to Rule 1042.3(a).  That same day, the Prothonotary of Montgomery County entered a judgment of *non pros* in favor of Cross.

On July 16, 2019, Gross filed a petition for relief from judgment of *non pros*, pursuant to Pa.R.C.P. 3051, in the nature of both a petition to strike the

---

[4] The praecipe itself was rejected as premature on June 17, 2019; however, the certificate of service was accepted and docketed.  The docket thus shows an entry on June 17, 2019, reflecting the filing of the certificate of service, although no documents are attached thereto.  **See** Certificate of Service, 6/17/2019 (R.R. 31(a)).

[5] Gross did not move for an extension of time to file a COM.

judgment and a petition to open. **See** Pa.R.C.P. 3051 (providing that all grounds for relief from judgment of *non pros* shall be asserted in single petition). Following denial of that relief on September 3, 2019, Gross timely filed a notice of appeal to this Court. Both she and the trial court complied with Pa.R.A.P. 1925. Gross raises the following issues for our review:

1. Where [Rule] 1042.6 sets forth a specific requirement that in order to obtain a judgment of *non pros*[,] a defendant must file a written thirty[-]day notice of intention to take default that must be filed and served no sooner than the thirty[-]first day after the filing of the complaint, but the thirty[-]day notice was filed only seven days after the filing of the complaint, should a petition to strike the judgment of *non pros* have been granted due to the defect on the face of the record?

2. Where [Rule] 1042.6 sets forth a specific requirement that in order to obtain a judgment of *non pros*[,] a defendant must file a written thirty[-]day notice of intention to take default that must be filed and served no sooner than the thirty[-]first day after the filing of the complaint, but the thirty[-]day notice was filed only seven days after the filing of the complaint, and thereafter[,] a "certificate of service" was filed after the thirty[-]first day[, which] [Gross] believed triggered the thirty[-]day period, did the trial court abuse its discretion in failing to open the judgment of *non pros* where [Gross w]as ready and able to file a certificate of merit within thirty days of the certificate of service, but a judgment of *non pros* was first entered prior to the expiration of that thirty[-]day period?

Gross's Brief at 5.

"It is well-settled that the ruling that a trial court makes under Pa.R.C.P. [] 3051 is reviewed on appeal for an abuse of discretion." **Womer v. Hilliker**, 908 A.2d 269, 279 (Pa. 2006). We will overturn the court's decision "only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Id.**

First, Gross claims that the trial court erred or abused its discretion in denying her petition to strike the judgment of *non pros*.[6] Gross maintains that Cross's notice of intent to enter a judgment of *non pros*, filed seven days after the filing of the complaint, violated Rule 1042.6 and "deprived [her] of the sixty[-]day period" to file timely her COM. Gross's Brief at 13. Thus, she argues that the judgment of *non pros* should have been stricken given the apparent defect of Cross's premature notice on the record. **See** Pa.R.C.P. 3051. **See also Oswald v. WB Pub. Square Assocs.**, 80 A.3d 790, 794 (Pa. Super. 2010) ("[A] petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief."); **Ditch v. Waynesboro Hosp.**, 917 A.2d 317, 324-25 (Pa. Super. 2007) ("[A] motion to strike off a judgment of *non pros* challenges only defects appearing on the face of the record[,] and [] such a motion may not be granted if the record is self-sustaining.").

In denying Gross's motion to strike the judgment, the trial court relied on the Supreme Court of Pennsylvania's decision in **Womer**, to conclude that the record here was self-sustaining. Specifically, the trial court reasoned that, under Pa.R.C.P. 126, Cross's procedural misstep in prematurely filing its Rule 1042.6 notice was excusable, whereas Gross's "failure to take any of the

_____

[6] "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record." **Crystal Lake Camps v. Afford**, 923 A.2d 482, 486 (Pa. Super. 2007).

actions required by Rule 1042.3" to file timely her COM was not. **See** Trial Court Opinion, 12/2/2019, at 6-8.

In **Womer**, our Supreme Court explained:

[W]e have always understood that procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice. It is for this reason that we adopted Rule 126, which … incorporated equitable considerations in the form of a doctrine of substantial compliance [], giving the trial courts the latitude to overlook any "procedural defect" that does not prejudice a party's [substantive] rights. Thus, while we look for full compliance with the terms of our rules, we provide a limited exception under Rule 126 to those who commit a misstep when attempting to do what any particular rule requires. … [A]s a general proposition, Rule 126 is available in professional liability actions[.]

**Id.** at 267-68.

In **Womer**, the plaintiff failed to file timely a COM, choosing instead to serve discovery upon the defendant which included an expert report setting forth the information that a COM would have provided. **Id.** at 278. Our Supreme Court concluded that "this was no procedural misstep within the meaning of [Rule 126]. It was[,] instead, a wholesale failure to take any of the actions required to comply with [Rule] 1042.3." **Id.** at 270-71. The Court "reiterate[d] … [that] Rule 126 is available to a party who makes a substantial attempt to conform, and not to a party who disregards the terms of a rule in their entirety and determines for himself the steps he can take to satisfy the [Rules of Civil P]rocedure." **Id.** at 278.

We conclude that this case is distinguishable from **Womer**. Unlike this case, where both parties failed to comply with the Rules of Civil Procedure,

- 7 -

only the plaintiff in *Womer* was non-compliant. Specifically, after the plaintiff in *Womer* did not file a COM pursuant to the 60-day timeframe set forth in Rule 1042.3, the defendant filed a notice of intention to seek a judgment of *non pros*. The defendant's filing occurred 63 days after the plaintiff filed the complaint, which, of course, is beyond the timeframe specified in Rule 1042.6, which requires a defendant wait to file the notice until at least the 31st day following the filing of the complaint. *Womer*, 908 A.2d at 260-61.

This distinction is important because it is clear that Rules 1042.3, 1042.6, and 1042.7 are interdependent. Rule 1042.3 requires the plaintiff to file a COM alongside the complaint or within 60 days of filing the complaint. Pa.R.C.P. 1046.3(a). Rule 1042.6 explicitly prohibits the defendant from filing notice of its intention to seek a judgment of *non pros* prior to the 31st day after the plaintiff files the complaint. *See* Pa.R.C.P. 1042.6 ("[A] defendant seeking to enter a judgment of *non pros* under Rule 1042.7(a) **shall** file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, **no sooner than the thirty-first day** after the filing of the complaint.") (emphasis added). Finally, Rule 1042.7, which governs the entry of judgment of *non pros*, specifies that:

> (a) The prothonotary, **on praecipe of the defendant**, shall enter a judgment of *non pros* against the plaintiff for failure to file a [COM] within the required time provided that
>
>> (1) there is no pending motion for determination that the filing of a certificate is not required or no pending timely filed motion seeking to extend the time to file the certificate,

- 8 -

(2) no [COM] has been filed,

(3) except as provided by Rule 1042.6(b),[7] the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of *non pros*, and

(4) except as provided by Rule 1042.6(b), the **praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter the judgment of *non pros*.**

Pa.R.C.P. 1042.7 (emphasis added).

Because Rules 1042.3, 1042.6, and 1042.7 relate to the same proceedings, we must construe them together as one rule if possible. ***See*** Pa.R.C.P. 131 ("Rules or parts of rules are *in pari materia* when they relate to the same proceedings or class of proceedings. Rules *in pari materia* shall be construed together, if possible, as one rule or one chapter of rules.") With that in mind, it is clear that our Supreme Court intended them to operate together pursuant to the following procedure. A plaintiff must file a COM within 30 days of filing the complaint. If 30 days have passed and the plaintiff has not filed a COM, the defendant may notify the plaintiff that it will seek a judgment of *non pros* 30 days later. The plaintiff then has 30 days to move for a ruling that a COM is not needed, file the COM, or request an extension.

_____

[7] Rule 1042.6(b) permits a judgment of *non pros* to be entered without notice if the court has granted a motion to extend the time and the plaintiff still has not filed a COM within the extended timeframe, or the court has denied the motion to extend the time. Pa.R.C.P. 1042.6(b).

If the plaintiff does none of those things within 30 days, then the defendant may file a praecipe for judgment of *non pros*. When read *in pari materia*, it is clear that notwithstanding the 60-day post-complaint timeframe in Rule 1042.3, the Rules provide a plaintiff with 30 days' notice before a judgment of *non pros* is entered due to the lack of a COM. The advance notice serves as a reminder to the plaintiff to ensure the COM is filed timely, and a warning to permit the plaintiff to take action if the plaintiff disagrees with the defendant that a COM is needed.

This interplay among the three rules is explained in the comment to Rule 1042.6. Specifically, Rules 1042.6 and 1042.7 were added in 2008 to

> address concerns that the present rules (1) permit the entry of a judgment of *non pros* where a plaintiff may believe that the rules governing [COM] do not apply and (2) provide for the entry of a judgment of *non pros* where there has been no notice of intent to enter such a judgment.
>
> Several revisions to these rules remedy this situation. First, new Rule 1042.6(a) requires a defendant to give a thirty-day notice of intention to file a praecipe for a judgment of *non pros* for failure to file a [COM]. Subdivision (d) provides a form of notice. The new rule retains the basic sixty-day period for the filing of a [COM] under present practice since the notice may be filed no earlier than the thirty-first day after the filing of the complaint and the judgment may not be filed earlier than thirty days after the filing of the notice. Subdivision (b) sets forth exceptions to the notice requirement where the court (1) has granted an extension of time to file a [COM] and the plaintiff has failed to do so or (2) has denied a motion to extend the time for filing a certificate.
>
> Second, new Rule 1042.6(c) provides that once a notice of intention to seek a judgment of *non pros* has been filed, the plaintiff may file a motion to seek "a determination by the court that the filing of a [COM] is not required." As in the case of a motion to extend the time for filing a certificate under Rule

1042.3(d), the "filing of the motion tolls the time period within which a [COM] must be filed until the court rules upon the motion."

Third, [in 2008] Rule 1042.6 was renumbered as Rule 1042.7 and revised. As revised, subdivision (a) of the rule has been expanded to set forth four conditions for the entry of a judgment of *non pros*. …

Pa.R.C.P. 1042.6, Explanatory Comment – 2008.

Based on the foregoing, we are convinced that the plaintiff's and defendant's responsibilities under the three rules are interrelated. There are only two ways a judgment of *non pros* may be entered: (1) upon a defendant's initiation of the two-step process in Rules 1042.6 and 1042.7, or (2) upon a plaintiff's request for extension, which is denied by the court, or granted but the plaintiff does not take advantage of the extension. In other words, notwithstanding Rule 1042.3(a)'s requirement to file a COM within 60 days of the complaint, there is no automatic judgment entered if the plaintiff fails to comply with the Rule 1042.3(a) deadline. While most defendants may elect to keep the case moving by filing a notice on the 31st day and a praecipe 30 days later, if a defendant neglects to take advantage of its rights, it effectively gives a plaintiff more time to file the COM. Either way, the ball is in the defendant's court, and there must be a period of 30 days between the complaint and the notice, and at least another 30 days between the notice and the praecipe.

In this case, Gross filed her complaint without a COM on May 7, 2019. Rule 1042.3(a) required her to file a COM by July 6, 2019. She did not do so.

For its part, Cross filed its notice to file for judgment of *non pros* prematurely, *i.e.*, 24 days before permitted to do so by Rule 1042.6. Then, instead of filing a new notice, it attempted to file a premature praecipe for judgment of *non pros* on June 17, 2019, and only succeeded in filing the certificate of service for the praecipe. On July 8, 2019, without ever having filed a Rule 1042.6-compliant notice, Cross filed a praecipe for entry of judgment of *non pros*, and the prothonotary entered judgment that same day.

Accordingly, where neither party complied with the explicit and interrelated requirements of the Rules of Civil Procedure, we conclude it was manifestly unreasonable to penalize only the plaintiff, Gross. All of the defects in procedure were apparent from the record. Therefore, the trial court abused its discretion by denying the plaintiff's motion to strike,[8] and we vacate the order and remand to the trial court for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Bender joins this memorandum.

Judge Lazarus files a dissenting memorandum.

---

[8] Based on our disposition of the first issue, we need not address the second issue.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/1/20